**RECORD NO. 13-4454**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

LARRY WHITFIELD,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

**OPENING BRIEF OF APPELLANT**

Matthew Collin Joseph
ATTORNEY AT LAW
725 East Trade Street
Suite 115, Court Arcade Building
Charlotte, North Carolina 28202
(704) 335-8686
butlerlawoffice@aol.com

*Counsel for Appellant*

July 30, 2013

# **TABLE OF CONTENTS**

|  | Pages |
|---|---|
| TABLE OF AUTHORITIES ……………………………………… | ii |
| STATEMENT OF SUBJECT MATTER JURISDICTION AND APPELLATE JURISDICTION ……………………………. | 1 |
| STATEMENT OF THE ISSUES ….…………………………… | 2 |
| STATEMENT OF THE CASE …………………………………… | 3 |
| STATEMENT OF FACTS ……………………………………… | 4 |
| SUMMARY OF ARGUMENT …………………………………… | 6 |
| ARGUMENT …………………………………………………… | 7 |
| CONCLUSION ………………………….…………………… | 13 |
| CERTIFICATE OF COMPLIANCE……………………………... | 14 |
| CERTIFICATE OF SERVICES …………………………………. | 15 |

# TABLE OF CASES AND AUTHORITIES

Page

**CASES**

*U.S. v. Johnson,* 374 Fed. Appx. 434 (4th Cir. 2010) ………………  7

*U.S. v. Smith* 75 S. Ct. 194 (1954) …………………………………..  9, 12

**STATUTES**

28 U.S.C. §1291 ………………………………………………….…  1

18 U.S.C. § 3231 ………………………………………………….…  1

21 U.S.C. §§ 841(a)(1) and 846…………………………………….. 3, 7, 11

U.S.S.G. § 7B1.1 ……………………………………………………10

25 U.S.C. § 5845(a) ……………………………………………….. 10

U.S.S.G. § 4B1.2 ……………………………………………………10

North Carolina General Statue § 15A-1340.2 ……………………….. 11

**RULES**

Rule 3(a) of the Federal Rules of Appellant Procedure ……………… 1

# **STATEMENT OF SUBJECT MATTER JURISDICTION AND APPELLATE JURISDICTION**

This is an appeal from a sentence imposed on June 10, 2013 by United States District Court Judge Richard L. Voorhees after revocation of Supervised Release in the United States District Court for the Western District of North Carolina, Charlotte Division. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 over this direct appeal of a final judgment in a criminal case. The district court had jurisdiction over the case pursuant to 18 U.S.C. § 3231. Pursuant to Rule 3(a) of the Federal Rules of Appellant Procedure this appeal was taken as a matter of right by filing a timely notice of appeal with the district court clerk.

## **STATEMENT OF THE ISSUES**

I.  **Whether the government proved by a preponderance of the evidence that the Defendant-Appellant violated the terms of supervised release.**

II. **If this Court determines that the Defendant-Appellant violated conditions of supervised release, the violation should have been a Grade C.**

## **STATEMENT OF THE CASE**

On March 8, 2007, the Defendant-Appellant, Larry Emmanuel Whitfield, pled guilty to Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Defendant-Appellant was sentenced to 140 months imprisonment followed by five years of supervised release. (JA 9)

The Defendant-Appellant was alleged to have violated one condition of supervised release on February 19, 2013. Violation number one alleged that the Defendant-Appellant committed a new law violation when approximately two and a half ounces of marijuana was allegedly seized from his residence after a search was conducted by his Probation Officer. The alleged violation is a Grade A violation. *Id.*

The Defendant-Appellant had a hearing on the alleged violation on June 10, 2013 before the Honorable United States District Court Judge Richard L. Voorhees. (JA 17-18) After the hearing, Judge Voorhees found the Defendant-Appellant to be in violation of this condition of supervised release. Judge Voorhees revoked the Defendant-Appellant's term of supervised release and sentenced defendant to a term of imprisonment of 46 months. (JA 47)

The Defendant-Appellant filed a written notice of appeal with the district

3

clerk on June 11, 2013. (JA 55)

## STATEMENT OF FACTS

The Defendant-Appellant Larry Emmanuel Whitfield's term of supervised release began on September 2, 2011. He was originally assigned to United States Probation Officer Jason Kemp but at some point his supervision was switched to United States Probation Officer Bonney J. Price. The Defendant-Appellant was employed during his period of supervision with Staff Zone. He worked up to 40 every week while on supervised release. (JA 42-43) The Defendant-Appellant was drug tested regularly while on supervised release, and all drug screens were negative. (JA 11)

On February 19, 2013 United States Probation Officers Matthew Bonelli, Bonney Price, Tim Goodman, Chelsey Padilla Jerusha Marsh and Glynis Eaton conducted a surveillance of the Defendant-Appellant. Pursuant to the surveillance, they came into contact with the Defendant-Appellant at the Shell Gas Station on South Tryon and Arrowood Road in Charlotte, Mecklenburg County, North Carolina. The Defendant-Appellant's vehicle was searched but no contraband was found. According to Officer Bonelli, the Defendant-Appellant admitted to having an ounce and a half of marijuana at his residence. (JA 22) The Defendant-

4

Appellant was then transported to his residence located at 8911 Camden Creek Lane Apartment 201 in Charlotte, North Carolina. (JA 20-22)

Once at his residence, the Defendant was then allegedly mirandized and admitted to buying and selling marijuana. (JA 23) During a search of the residence, Officer Eaton found a substance she believed to be marijuana in the oven and in a kitchen drawer by the oven. (JA 32) Additionally, according to Officer Bonelli, the Defendant-Appellant admitted that "the 2-1/2 ounces of marijuana in the oven is my marijuana." (JA 24) There was no evidence that the substance found was ever weighed. Officer Bonelli testified that the substance was never tested and he never verified if the Defendant-Appellant's admission to buying and selling marijuana was in fact true. (JA 28) According to Officer Bonelli, he took him [the Defendant-Appellant] for his word." (JA 27)

The Defendant-Appellant was charged with felony possession of marijuana in Mecklenburg County State Criminal Courts. He later pled guilty to a lesser charge of misdemeanor possession of marijuana. (JA 24-25) On February 25, 2013 Officer Price filed a petition for the violation report. The Defendant-Appellant was arrested on April 11, 2013 on the petition and remained in custody.

5

## **SUMMARY OF THE ARGUMENT**

The Defendant-Appellant contends that there was insufficient evidence for the District Court to find by a preponderance of evidence that he committed violation number one in the Petition for Warrant for Offender Under Supervision. The Government never proved that the substance seized from the Defendant-Appellant's residence was marijuana. The substance was never tested in a lab to determine if it was marijuana. Neither of the Government's witnesses that testified could confirm what the substance was. The Defendant-Appellant's alleged admission about the identity of the substance was uncorroborated. The Government did not meet its burden in this case.

If this Court finds that the Government did meet its burden and there was sufficient evidence that the substance was marijuana, the Defendant-Appellant contends that the violation should have been a Grade C rather than a Grade A. The Defendant-Appellant's alleged confession about selling marijuana was also uncorroborated. There was no corroboration or substantial independent evidence of selling marijuana provided by the Government during the hearing. The only other evidence aside from the alleged confession was the guilty plea to misdemeanor possession of marijuana in Mecklenburg County State District. This conviction is a Grade C violation.

# ARGUMENT

**I.   Whether the government proved by a preponderance of the evidence that the Defendant-Appellant violated the terms of Supervised Release.**

### Standard of Review

The Fourth Circuit Court of Appeals reviews the district courts finding that a defendant violated a condition of supervised release for clear error. . ." <u>U.S. v. Johnson,</u> 374 Fed. Appx. 434 (4th Cir. 2010)

The Defendant-Appellant contends that there was insufficient evidence for the District Court to find by a preponderance of evidence that he committed violation number one in the petition. As alleged in the petition for warrant for offender under supervision, violation number one states "New Law Violation." Specifically, the Petition alleged that the Defendant-Appellant's residence at 8911 Camden Creek Lane in Charlotte, North Carolina was searched and approximately two and a half ounces of marijuana and scales were found. Furthermore, the petition alleges that the Defendant-Appellant admitted that the marijuana was his and gave a statement that he sold marijuana, all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). (JA 9)

Michael Bonelli, a U.S. Probation Officer in the Western District of North Carolina testified during the hearing that based on direct contact he had with a confidential informant about the Defendant-Appellant dealing drugs, he organized a surveillance with other probation officers of the Defendant-Appellant on February 19, 2013. (JA 20-21) When contact was made with the Defendant-Appellant at the Shell Gas Station on South Tryon and Arrowood Road in Charlotte, North Carolina, he admitted to having an ounce and a half of marijuana at his residence. According to Officer Bonelli, the Defendant-Appellant signed a statement acknowledging that substance seized from his residence was his and that he bought and sold marijuana. (JA 22-24)

During the supervised release violation hearing, the Government never introduced the substance or a lab report to indicate if the substance was marijuana, and the weight of the substance. The only evidence the Government produced as proof of what the substance was, was a picture taken of the substance when it was seized. (JA 32) U.S. Probation Officer Glynnis Eaton testified that she believed the substance was marijuana. (JA 31-32) Based on the testimony from officer Bonelli and Officer Eaton, the District Court found that the Defendant-Appellant committed violation number one. The District Court found the Defendant-

Appellant's alleged admission to Officer Bonelli (as to what the substance was) to be credible. (JA 37-38)

The Defendant-Appellant contends that the Government failed to prove by a preponderance of the evidence that the substance was marijuana. Officer Bonelli admitted that the substance seized from the Defendant-Appellant's residence was never even tested. (JA 20) Neither Government's witnesses; Officer Bonelli, or Officer Eaton, could testify that the substance seized was marijuana. (JA 28 & 33) The substance was not offered as an exhibit during the hearing. There were no lab reports offered as evidence by the Government. The only evidence offered by the Government was a picture of the substance. This was not sufficient to prove by a preponderance of the evidence that the substance was marijuana.

In part, the Defendant-Appellant's violation hinges on the substance found at his residence being marijuana and the Government failed to do that. The Defendant-Appellant's admission to what the substance was is not enough. According to <u>U.S. v. Smith</u> 75 S.Ct. 194 (1954), "an accused may not be convicted on his own uncorroborated confession." The Government bears the burden of proving what the substance was and they failed in this case. There was simply insufficient evidence for the District Court to find by a preponderance of the evidence that the Defendant-Appellant violated conditions of supervised release.

9

**II.   If this Court determines that the Defendant-Appellant violated conditions of supervised release, the violation should have been a Grade C.**

U.S.S.G. § 7B1.1 list three grades of probation and supervised release violations. Grade A violations includes conduct that violates:

> (A) federal, state, or local offense punishable by a term of imprisonment exceeding: One year that is: (i) is a crime of violence (ii)is a controlled substance offense or (iiI) involves possession of a firearm or destructive device of a type describe in 25 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty  years.

Grade C violations includes conduct that violate any "federal, state or local offense punishable by a term of imprisonment of one year or less; on (B) a violation of any other conditions of supervision."

According to U.S.S.G. § 4B1.2 a controlled substance offense is a drug offense punishable by a term in excess of one year and includes the "manufacture, import, export, distribution, or dispensing of a controlled substance, or the possession of a controlled substance with intent to manufacture, import, export, distribute or dispense."

10

The Defendant-Appellant's major violation was that he violated 21 U.S.C. § 841(a)(1) and (b)(1)(D) by selling marijuana. The alleged intent to sell marijuana made the alleged violation a Grade A. However, the Defendant-Appellant's alleged admission about selling marijuana was uncorroborated according to Officer Bonelli. Officer Bonelli said he "[t]ook him [Defendant-Appellant] for his word," about selling marijuana but never was able to verify the admission. (JA 27-28) According to *Smith,* "all elements of the offense must be established by independent evidence or corroborated admissions…" *Id* @ 156. The allegation that he sold marijuana was based entirely on the Defendant-Appellants alleged admission. There was no independent evidence or investigation to support the allegation that he sold marijuana.

The Defendant-Appellant pled guilty in Charlotte, Mecklenburg County District Court to misdemeanor possession of marijuana, a class 1 offense, on February 19, 2013. (JA 24-25). Under North Carolina General Statue § 15A-1340.23, a class 1 misdemeanor is punishable by a period of imprisonment not to exceed 120 days. According to U.S.S.G. § 7B1.1 this would be a Grade C violation. If this Court finds that the Government proved by a preponderance of the evidence that the substance was marijuana, then the Defendant-Appellant's violation was a Grade C for pleading guilty in State Court to misdemeanor possession of marijuana rather than a Grade A. Proof of a Grade A violation

11

according to *Smith* would only be supported by actual evidence of selling marijuana, not an alleged confession. There has to be "substantial independent evidence that the offense has been committed…" *Id* There was no corroborated admissions or substantial independent evidence in this case. The Government failed to meet its burden and at worst, the Defendant-Appellant only committed a Grade C violation.

## **CONCLUSION**

Defendant-Appellant contends that the Government did not prove by a preponderance of the evidence that he violated the terms of supervised release. Furthermore, his term of supervised release should not have been revoked. For the foregoing reasons, the Defendant-Appellant respectfully urges the Court to reverse the decision of the District Court and allow him to remain on supervised release or remand the case to the District court for sentencing on a Grade C violation.

## CERTIFICATE OF COMPLIANCE

A. This brief has been prepared using fourteen point, proportionally spaced typeface, specifically <u>Microsoft Word, Times New Roman, 14 point.</u>

B. Exclusive of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, this brief of the appellant contains:  <u>2,084</u>  words.

I understand that a material misrepresentation can result in the Court's striking this brief and imposing sanctions.  If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line printout.

_____/s/_____<br>
Matthew C. Joseph, Esquire

## FILING AND MAILING CERTIFICATE

   I certify that on the 30th day of July, 2013, I filed with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit the required number of copies of this Opening Brief of Appellant and Joint Appendix via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to the following:

Amy Elizabeth Ray
Office of the United States Attorney
U. S. Courthouse, Room 233
100 Otis Street
Asheville, North Carolina 28801
amy.ray@usdoj.gov
Counsel for Appellee


_____/s/_____
Matthew C. Joseph, Esquire
Attorney for Appellant